**2023-1450**

---

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

**FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**
*Plaintiffs – Appellees*

v.

**KARTRI SALES CO., INC.,**
*Defendant*

**MARQUIS MILLS, INTERNATIONAL , INC.,**
*Defendant-Appellant*

---

Appeal from the United States District Court

for the Southern District of New York

Judge Paul A. Englemayer

SDNY Civil Action No. 15-cv-10154

---

**DEFENDANT-APPELLANT'S OPPOSITION TO
PLAINTIFFS-APPELLEES' MOTION TO DISMISS**

---

Defendant-Appellant Marquis Mills International, Inc. (hereinafter "Marquis") submits this brief in opposition to Plaintiffs-Appellees motion to dismiss this appeal Case No. 2023-1450 and lead appeal Case No. 2023-1446 for lack of jurisdiction under 28 U.S.C. §1295 asserting that the design patent infringement and invalidity claims remain in "controversy". Marquis filed a notice of appeal on January 23, 2023 to timely preserve its rights to an appeal from the district court's opinion and order at Dkt 501 filed on December 22, 2022 and consistent with Federal Rule of Appellate Procedure 4(a) on the belief that all the proceedings in the district court are final. The district court's opinion and order details the stay of the design patent infringement and invalidity claims as well as the disposition of all other outstanding claims prior to this order (Dkt 501 at 13-15) and by this order (Dkt 501 at 167-168).

**I. Design Patent Claim and Counterclaim Are Not In "Controversy".**

On Plaintiffs-Appellees assertion that the design patent infringement and invalidity claims remain in "controversy", this Court has ruled that where a reexamination and a patent infringement lawsuit involving the same patent are concurrently proceeding, a reexamination finding the patent invalid upon reaching true finality renders the lawsuit moot. See *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F. 3d 1330 (CAFC 2013).

During trial summations on July 28, 2022, Plaintiffs-Appellees informed the district court that the USPTO determined in reexamination that the design patent was

invalid, which was affirmed by this Court. *In re Zahner Design Group, Ltd.*, Case No. 22-1026. Plaintiffs-Appellees then stated, "So the only question remaining is whether Mr. Zahner [the patentee] will appeal that determination for various (unintelligible) to the U.S. Supreme Court. That's what remains." (Dkt 492) at 966:5-8. The true finality of the design patent reexamination and the stay of the design patent case remained contingent upon this single question. According to Docket 35 of *In re Zahner Design Group, Ltd.*, Case No. 22-1026, the time period for the patentee to petition the Supreme Court expired on November 18, 2022 without evidence the patentee ever filed any such petition. On the basis of this information, the district court's design patent case or controversy was rendered moot on November 18, 2022 when the reexamination decision became truly final. Accordingly, with the design patent controversy rendered moot in November of 2022, the district court's opinion and order on December 22, 2022 entering judgment on the remaining claims on the merits initiated the time for appeal.

**II. The Time for Appeal Is Not Extended By The Award Of Fees.**

Appellees mention that briefing is on-going for the award of fees. Federal Rule of Civil Procedure "Rule 58(e), in turn, provides that the entry of judgment ordinarily may not be delayed, nor may the time for appeal be extended, in order to tax costs or award fees." Ray Haluch Gravel v. Central Pension Fund, 571 US 177

3

at 781 (2014). Accordingly, such briefing for the award of fees does not affect Marquis' time to appeal.

## CONCLUSION

In view of the above, Marquis filed a Notice of Appeal on January 23, 2023 to preserve its rights with respect to appeal of the district court's order and opinion at Dkt 501. Marquis respectfully submits that its appeal is not premature, and Plaintiffs-Appellees' motion to dismiss should be denied.

Dated:   02/13/2023                    By: */s/Donald J. Cox*
                                       Donald J. Cox, Jr.
                                       Law Offices of Donald Cox, LLC
                                       300 Carnegie Center, Suite 150
                                       Princeton, NJ 08540
                                       609-921-1166 (phone)
                                       609-921-8131 (fax)
                                       Coxd@iplawonline.com

                                       *Counsel for Defendant-Appellant*
                                       *Marquis Mills International, Inc.*

## CERTIFICATE OF INTEREST

Counsel for Defendant-Appellant certifies the following:

1. The full name of the parties represented by me:

   **Marquis Mills International, Inc.**

2. Name of real-party-in-interest represented by me:

   **Same.**

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:

   **None.**

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   **Donald J. Cox, Jr., Law Offices of Donald Cox, LLC;**
   **Edward Thomas La Barr, Volpe & Koenig, P.C;**
   **Ryan W O'Donnell, Volpe & Koenig, P.C.**

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by

this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b):

**Focus Products Group International LLC v. Kartri Sales Co. Inc., CAFC Appeal No. 2023-1446**

**Sure Fit Home Products LLC et al. v. Maytex Mills, Inc., SDNY Civil Action No. 1:21-cv-02169 (LGS)(GWG)**

6. Pursuant to Fed. Cir. Rule 47.4(6), all information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

   Per F.R.App.P. 26.1 (b): Organizational Victims in Criminal Cases. In a criminal case, unless the government shows good cause, it must file a statement that identifies any organizational victim of the alleged criminal activity. If the organizational victim is a corporation, the statement must also disclose the information required by Rule 26.1(a) to the extent if can be obtained through due diligence.

   **None (and Not Applicable).**

7. Per F.R.App.P. 26.1 (c): Bankruptcy Cases. In a bankruptcy case, the debtor, the trustee, or, if neither party, the appellant must file a statement that: (1)

identifies each debtor not named in the caption; and, (2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).

**None (and Not Applicable).**

Dated:    02/13/2023                        By: */s/Donald J. Cox*
                                              Donald J. Cox, Jr.
                                              Law Offices of Donald Cox, LLC
                                              300 Carnegie Center, Suite 150
                                              Princeton, NJ 08540
                                              609-921-1166 (phone)
                                              609-921-8131 (fax)
                                              Coxd@iplawonline.com

                                              *Counsel for Defendant-Appellant Marquis Mills International, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(a). This response contains 554 words excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2)(A).

2. This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Mac in 14 point font New Times Roman.

Dated:     02/13/2023              By: */s/Donald J. Cox*
                                       Donald J. Cox, Jr.
                                       Law Offices of Donald Cox, LLC
                                       300 Carnegie Center, Suite 150
                                       Princeton, NJ 08540
                                       609-921-1166 (phone)
                                       609-921-8131 (fax)
                                       Coxd@iplawonline.com

                                       *Counsel for Defendant-Appellant Marquis Mills International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS-APPELLANTS' MOTION TO DISMISS APPEAL** is being served on counsel of record via CM/ECF on February 13, 2023.

Dated:   02/13/2023                              By: */s/Donald J. Cox*
                                                                 Donald J. Cox, Jr.
                                                                 Law Offices of Donald Cox, LLC
                                                                 300 Carnegie Center, Suite 150
                                                                 Princeton, NJ 08540
                                                                 609-921-1166 (phone)
                                                                 609-921-8131 (fax)
                                                                 Coxd@iplawonline.com

                                                                 *Counsel for Defendant-Appellant*
*Marquis Mills International, Inc.*