**2023-1450**

---

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

**FOCUS PRODUCTS GROUP INTERNATIONAL, LLC**

Plaintiffs - Appellees,

**v.**

**KARTRI SALES CO., INC.**

Defendants - Appellants.

---

Appeal from the United States District Court
for the Southern District of New York
Judge Paul A. Engelmayer
SDNY Civil Action No. 15-cv-10154

---

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF
MOTION TO DISMISS MARQUIS' APPEAL**

---

# TABLE OF CONTENTS

ARGUMENT ...................................................................................................1

CONCLUSION ...............................................................................................4

CERTIFICATE OF INTEREST .......................................................................5

CERTIFICATE OF COMPLIANCE ................................................................8

CERTIFICATE OF SERVICE ........................................................................9

EXHIBIT 1 - DISTRICT COURT DOCKET SHEET (EXCERPTED) .................10

EXHIBIT 2 - DISTRICT COURT OPINION AND ORDER OF DECEMBER 22, 2022, DKT. 501 (EXCERPTED) ...............................................................16

Plaintiffs-Appellees submit this reply in support of its motion to dismiss Marquis' appeal, because this Court does not yet have jurisdiction.

## ARGUMENT

A review of Marquis' response brief only confirms that its appeal must be dismissed at this time, just as with its co-defendant Kartri's appeal (Appeal No. 1446). There is still no final judgment, there are pending issues regarding interest and the injunction, and a claim and counterclaim remain formally pending in the district court litigation.

More specifically, Marquis' response is inaccurate by omission. Attorneys' fees are not the only remaining issue in the district court. As Marquis is well aware, there remain ongoing issues regarding at least: (1) interest on the damages; and, (2) a dispute between the parties regarding the injunction.

As to (1), the district court has not yet awarded pre-judgment interest. *See, Exhibit 2, Dkt. 501 at 164* (commissioning briefing on the questions of pre- and post-judgment interest as part of the briefing on attorneys' fees). Under this Court's precedent, the fact that this issue remains open explicitly confirms that there is no jurisdiction for an appeal. *See, Halo Elecs., Inc. v. Bel Fuse, Inc.*, 2022 U.S. App. LEXIS 12242, at *6-7 (Fed. Cir. May 6, 2022) (unpublished) ("the district court's failure to decide the amount of prejudgment interest meant that

Halo's infringement claim had not been fully adjudicated."). Even for this reason alone, the appeal should be dismissed.

As to (2), Plaintiffs have submitted to the district court that co-defendant Kartri is engaged in violation of the district court's injunction of December 22, 2022, and is subject to civil contempt. The district court has yet to rule on this. Indeed, it gave Kartri until February 13th to submit a response, and gave Plaintiffs until February 21st to submit a reply. It is beyond peradventure that this is a pending issue and that Marquis is well-aware of it. *See*, attached Exhibit 1 (excerpt from district court's docket) at Dkt Nos. 519-523.

Marquis also does not deny that a pending claim and counterclaim remain in the federal litigation. This also confirms that jurisdiction cannot attach yet. Indeed, Exhibit 6 to co-defendant Kartri's motion (Appeal No. 1446) confirms that reexamination proceedings have not yet been formally completed even in the Patent Office, much less have the issues been completed in the district court. To wit, Exhibit 6 to Kartri's response is a February 7, 2022 Office Action from the Patent Office setting forth a Notice of **Intent** to Issue an Ex Parte Reexamination Certificate (Dkt. 10 at 56). "Intent" to complete proceedings is not the same as having completed those proceedings. And, to date (as of 4:30 pm on February 15th), the reexamination certificate has not yet been issued.

Though Marquis asserts that the asserted design patent claim is now "moot" (Dkt 8 at 3), the fact remains that the claim has not been dismissed yet. Likewise, this is an issue to be addressed at the district court level first, as a matter of basic federal procedure. In fact, Plaintiffs intend, at a minimum, to bring to the district court's attention the misconduct of co-defendant Kartri during reexamination proceedings – which the Patent Office acknowledged – and which Plaintiffs wish to have in the district court record before commencement of appellate proceedings.

As noted in Plaintiffs' motion, a final judgment is a district court decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pause Technology LLC v. TIVO, Inc.,* 401 F.3d 1290, 1292 (Fed. Cir. 2005), citing and quoting, *Catlin v. United States,* 324 U.S. 229, 233, 89 L. Ed. 911, 65 S. Ct. 631 (1945), and *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978). Here, the litigation is not yet over on the merits. The district court still has to enter an amount for prejudgment interest (for which briefing will be ongoing for several more weeks). It also still has to resolve the pending dispute regarding the injunction. And the parties still have to address the pending claim and counterclaim with the district court.

All in all, the district court still has to issue a <u>final judgment</u>, as opposed to an Opinion and Order on the majority of issues. Marquis' premature appeal tries to

ignore this, and improperly seeks to engage in piecemeal litigation, contrary to the rule of finality.

Last, but not least, to the extent that co-defendant Kartri has proposed *(see,* Appeal 23-1446, Dkt. 10 at 6-7) that its appeal be consolidated with this appeal by Marquis, Plaintiffs do not object thereto.

## CONCLUSION

The question is whether there was jurisdiction when Marquis filed its appeal. There was no such jurisdiction,  Indeed, there is still no jurisdiction at even the present time since issues remain regarding interest on damages, a pending dispute regarding injunctive relief, and a pending claim and counterclaim, as set forth above.  Accordingly, the appeal should be dismissed.

Dated:  February 15, 2023

*/s/ Morris E. Cohen*
Morris E. Cohen
Lee A. Goldberg
GOLDBERG COHEN LLP
1350 Avenue of Americas, 3rd Floor
646-380-2084 (telephone)
646-514-2123 (facsimile)
mcohen@goldbergcohen.com

*Counsel for Appellants*

**4**

# CERTIFICATE OF INTEREST

Counsel for Plaintiffs-Appellants certifies the following:

1.  The full name of the parties represented by me:

> **Focus Products Group International LLC;**
> **Zahner Design Group Ltd.;**
> **Hookless Systems of North America, Inc.;**
> **SF Home Decor LLC;**
> **Sure Fit Home Decor Holdings Corp.; and**
> **Sure Fit Home Products LLC.**

2.  Name of real-party-in-interest represented by me:

> **Same.**

3.  Parent corporations and publicly held companies that own 10% or more of stock in the party:

> **For Sure Fit Home Products, LLC:  parent is SF Home Decor LLC.**
>
> **For Sure Fit Home Decor Holdings Corp.:  parent is Keeco LLC.[1]**
>
> **For SF Home Decor LLC: parent is Keeco, LLC (see also n.2)**
>
> **For Hookless Systems of North America, Inc.:  parent is Zahner Design Group, Ltd.**
>
> **For Zahner Design Group, Ltd.:  None.**

_____

[1]  Keeco LLC acquired Hollander Sleep Products LLC, who had previously acquired Sure Fit Home Decor Holdings Corp., who was the parent of SF Home Decor LLC.

4.    The names of all law firms and the partners or associates that appeared for

the party or amicus now represented by me in the trial court or agency or are

expected to appear in this court (and who have not or will not enter an

appearance in this case) are:

> **Morris E. Cohen; Lee A. Goldberg; Limor Wigder; of Goldberg Cohen LLP;**

> **Donald Rhoads of the Rhoads Legal Group P.C.**

5.    The title and number of any case known to counsel to be pending in this or

any other court or agency that will directly affect or be directly affected by

this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and

47.5(b):

> **Focus Products Group International LLC v. Kartri Sales Co. Inc., CAFC Appeal No. 2023-1446**

> **Sure Fit Home Products LLC et al. v. Maytex Mills, Inc., SDNY Civil Action No. 1:21-cv-02169 (LGS)(GWG)**

6.    Pursuant to Fed. Cir. Rule 47.4(6), all information required by Federal Rule

of Appellate Procedure 26.1(b) and (c) that identifies organizational victims

in criminal cases and debtors and trustees in bankruptcy cases.

Per F.R.App.P. 26.1 (b):  Organizational Victims in Criminal Cases.  In a

criminal case, unless the government shows good cause, it must file a

statement that identifies any organizational victim of the alleged criminal

activity. If the organizational victim is a corporation, the statement must also disclose the information required by Rule 26.1(a) to the extent if can be obtained through due diligence.

**None (and Not Applicable).**

Per F.R.App.P. 26.1 (c):  Bankruptcy Cases. In a bankruptcy case, the debtor, the trustee, or, if neither party, the appellant must file a statement that: (1) identifies each debtor not named in the caption; and, (2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).

**None (and Not Applicable).**

Dated:  February 15, 2023

*/s/ Morris E. Cohen*
Morris E. Cohen
GOLDBERG COHEN LLP
1350 Avenue of Americas, 3rd Floor
646-380-2084 (telephone)
646-514-2123 (facsimile)
mcohen@goldbergcohen.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(a). This response contains 826 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2)(A).

2.    This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14 point font New Times Roman.

Dated:  February 15, 2023                    */s/ Morris E. Cohen*
                                             Morris E. Cohen
                                             GOLDBERG COHEN LLP
                                             1350 Avenue of Americas, 3rd Floor
                                             646-380-2084 (telephone)
                                             646-514-2123 (facsimile)
                                             mcohen@goldbergcohen.com

                                             *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing **PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF**

**MOTION TO DISMISS APPEAL** is being served on counsel of record via

CM/ECF on February 15, 2023.

Dated:  February 15, 2023                          */s/ Morris E. Cohen*
                                                    Moms E. Cohen
                                                    GOLDBERG COHEN LLP
                                                    1350 Avenue of Americas, 3rd Floor
                                                    646-380-2084 (telephone)
                                                    646-514-2123 (facsimile)
                                                    mcohen@goldbergcohen.com

                                                    *Counsel for Plaintiffs-Appellees*

**EXHIBIT 1 - DISTRICT COURT DOCKET SHEET (EXCERPTED)**

APPEAL,CASREF,ECF,LEAD,RELATED

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:15-cv-10154-PAE**

Focus Products Group International, LLC et al v. Kartri Sales Company, Inc.
Assigned to: Judge Paul A. Engelmayer
Referred to: Magistrate Judge Stewart D. Aaron (Settlement)
Related Case: 1:15-cv-05108-PAE
Case in other court: U.S. Court of Appeals, Federal Circ.,
              23-01446
              U.S. Court of Appeals, Federal Circ.,
              23-01450
Cause: 28:1338pt Patent Infringement

Date Filed: 12/30/2015
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Focus Products Group International, LLC**     represented by     **Lee A. Goldberg**
Goldberg Cohen LLP
1350 Avenue of The Americas
New York, NY 10019
646-380-2087
Email: lgoldberg@goldbergcohen.com
*ATTORNEY TO BE NOTICED*

**Limor Wigder**
Goldberg Cohen LLP
1350 Avenue of The Americas, 4th Floor
New York, NY 10019
(646)-380-2463
Fax: (646)-514-2123
Email: lwigder@goldbergcohen.com
*ATTORNEY TO BE NOTICED*

**Morris E. Cohen**
Goldberg Cohen LLP
1350 Avenue of The Americas
New York, NY 10019
646-380-2087
Fax: 646-514-2123
Email: mcohen@goldbergcohen.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zahner Design Group, Ltd.**     represented by     **Lee A. Goldberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| 08/16/2022 | 497 | LETTER addressed to Judge Paul A. Engelmayer from Bernhard Molldrem dated August 16, 2022 re: Response to dkt 496. Document filed by Kartri Sales Company, Inc...(Molldrem, Bernhard) (Entered: 08/16/2022) |
| 08/17/2022 | 498 | LETTER addressed to Judge Paul A. Engelmayer from Morris E. Cohen dated August 17, 2022 re: Admitted Exhibits & Errata Sheet. Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, LLC, Sure Fit Home Decor Holdings Corp., Sure Fit Home Products, LLC, Zahner Design Group, Ltd...(Cohen, Morris) (Entered: 08/17/2022) |
| 08/18/2022 | 499 | ORDER: Given defendants' history in this litigation of making improper filings and pursuing baseless and precluded arguments, it is not sensible, efficient, or fair to expect plaintiffs to expend resources identifying each inaccuracy or other deficiency in defendants' submissions. The Court accordingly instead declines to review defendants' submission, having determined that it does not reflect the level of professionalism and care expected of lawyers practicing in this District. The Court will give defendants until Wednesday, August 24, 2022, to submit a corrected version of this submission. The Court expects defendants, this time, to painstakingly review the submission before its filing to assure that, inter alia, it is faithful to the record, cites only to evidence received at trial, does not contain factual statements that are not supported by the record, and does not pursue facts and arguments previously precluded by this Court. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 8/18/2022) (tg) (Entered: 08/18/2022) |
| 08/25/2022 | 500 | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Document filed by Marquis Mills, International, Inc...(Cox, Donald) (Entered: 08/25/2022) |
| 12/22/2022 | 501 | OPINION AND ORDER: For the reasons above: The Court finds Marquis and Kartri liable to plaintiffs for infringement of and unfaircompetition with plaintiffs' EZ-ON Trademark and trade dress under 15 U.S.C. § 1125(a); and for unfair competition with plaintiffs' EZ-ON Mark and Trade Dress under New York law. The Court finds Kartri liable to plaintiffs for infringement of and unfair competition with plaintiffs' HOOKLESS Mark under 15 U.S.C. § l 125(a); and for unfair competition with plaintiffs' HOOKLESS Mark under New York law. The Court denies all of defendants' affirmative defenses, namely: lack of statutory standing, failure to join an indispensable party, non-infringement of the EZ-ON Mark, invalidity of the EZ-ON Mark, non-infringement of the Trade Dress, and invalidity of the Trade Dress. The Court finds that defendants' infringement of the utility patents and Trade Dress was willful between Febmary 27, 2015 and November 15, 2018. The Court awards plaintiffs lost profits, in the amount of$970,324, for defendants' infringement of the utility patents and Trade Dress. That award covers the period from October 16, 2013 to November 15, 2018. The award is trebled for the period March 1, 2015 to November 15, 2018. The final, enhanced lost profits award amounts to $2,783,687. The Court awards plaintiffs a reasonable royalty of $53,907, for defendants' infringement of the utility patents and Trade Dress. That award covers the period from October 16, 2013 to November 15, 2018. The award is trebled for the period March 1, 2015 to November 15, 2018. The final, enhanced reasonable royalty award amounts to $154,649. The Court enjoins both defendants from infringing or unfairly competing with the EZ-ON Mark and the Trade Dress under the Lanham Act, and from unfairly competing with the EZ-ON Mark and the Trade Dress under New York law. The Court further enjoins Kartri from infringing or unfairly competing with the HOO KLESS Mark under the Lanham Act, and from unfairly competing with the HOO KLESS Mark under New |

| | | |
|---|---|---|
| | | York law. The Court denies plaintiffs' claim for a disgorgement of defendants' profits, and their claim for a reasonable royalty for defendants' infringement of the EZ-ON Mark. The Court orders plaintiffs, within four weeks of the date of this opinion and order, to file their opening brief, with supporting documentation, on the issues of reasonable attorney's fees, prejudgment interest, and postjudgment interest. Defendants are ordered to file their opposing brief within four weeks of plaintiffs' due date. Plaintiffs are ordered to file their reply brief within 14 days thereafter. (Signed by Judge Paul A. Engelmayer on 12/22/2022) (rro) (Entered: 12/22/2022) |
| 01/18/2023 | 502 | NOTICE OF APPEARANCE by Patrice Polyxene Jean on behalf of Kartri Sales Company, Inc...(Jean, Patrice) (Entered: 01/18/2023) |
| 01/18/2023 | 503 | NOTICE OF APPEARANCE by Emma Leigh Baratta on behalf of Kartri Sales Company, Inc...(Baratta, Emma) (Entered: 01/18/2023) |
| 01/18/2023 | 504 | NOTICE OF APPEARANCE by Lynn Marie Russo on behalf of Kartri Sales Company, Inc...(Russo, Lynn) (Entered: 01/18/2023) |
| 01/19/2023 | 505 | MOTION for Attorney Fees . Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, LLC, Sure Fit Home Decor Holdings Corp., Sure Fit Home Products, LLC, Zahner Design Group, Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Cohen, Morris) (Entered: 01/19/2023) |
| 01/20/2023 | 506 | LETTER addressed to Judge Paul A. Engelmayer from Donald Cox dated 01/20/2023 re: Notice to the Court that the Court never ruled on Defendants letter (Dkt 480). Document filed by Marquis Mills, International, Inc...(Cox, Donald) (Entered: 01/20/2023) |
| 01/20/2023 | 507 | MEMO ENDORSEMENT on re: 506 Letter filed by Marquis Mills, International, Inc. ENDORSEMENT The Court has received defendant Marquis's letter. Plaintiffs response, if any, is due January 27, 2023. The Court does not invite a reply. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 1/20/2023) (jca) (Entered: 01/20/2023) |
| 01/23/2023 | 508 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 501 Memorandum & Opinion,,,,,,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Kartri Sales Company, Inc...(Jean, Patrice) (Entered: 01/23/2023) |
| 01/23/2023 | | Appeal Fee Due: for 508 Notice of Appeal to the Federal Circuit. Appeal fee due by 2/6/2023. (tp) (Entered: 01/23/2023) |
| 01/23/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals Federal Circuit re: 508 Notice of Appeal to the Federal Circuit. (tp) (Entered: 01/23/2023) |
| 01/23/2023 | | Appeal Record Sent to USCA Federal Circuit (Electronic File). Certified Indexed record on Appeal Electronic Files for 508 Notice of Appeal to the Federal Circuit filed by Kartri Sales Company, Inc. were transmitted to the U.S. Court of Appeals for the Federal Circuit. (tp) (Entered: 01/23/2023) |
| 01/23/2023 | 509 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 501 Memorandum & Opinion,,,,,,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Marquis Mills, International, Inc...(Cox, Donald) (Entered: 01/23/2023) |

| 01/25/2023 | 514 | LETTER addressed to Judge Paul A. Engelmayer from Morris E. Cohen dated January 25, 2023 re: Plaintiffs' Letter in Response to Marquis' January 20, 2023 Letter (Dkt. 506). Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, LLC, Sure Fit Home Decor Holdings Corp., Sure Fit Home Products, LLC, Zahner Design Group, Ltd...(Cohen, Morris) (Entered: 01/25/2023) |
|---|---|---|
| 01/25/2023 | 515 | DECLARATION of Morris E. Cohen in Support re: 505 MOTION for Attorney Fees .. Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, FLC, Sure Fit Home Decor Holdings Corp., Zahner Design Group, Ltd...(Cohen, Morris) (Entered: 01/25/2023) |
| 01/30/2023 | 516 | MEMO ENDORSEMENT on re: 514 Letter, filed by Sure Fit Home Decor Holdings Corp., SF Home Decor, LLC, Zahner Design Group, Ltd., Sure Fit Home Products, LLC, Hookless Systems of North America, Inc., Focus Products Group International, LLC. ENDORSEMENT: The Court has received the paities' letters at dockets 506 and 514. The Court denies defendants' requests forrelief, substantially for the reasons given by plaintiff, in the above letter. Contrary to defendants' depiction of events, the Coutt has, in fact, ruled on defendants' request at docket 480. In its December 22, 2022 Opinion, the Court denied the request to strike. See Focus Prods. Grp. Int'/, LLC. v. Kartri Sales Co., Inc., No. 15 Civ. 10154 (PAE), 2022 WL 17851810, at *25 n.28 (S.D.N.Y. Dec. 22, 2022). As to defendants' assertion of prejudice, the Court's two, solitary references to the precluded material in its December 22, 2022 Opinion were to disclaim any reliance on it. Id.; id. at * 12 ("This Court held that it would not consider the September 2021 amendment as evidence to who had owned the EZ-ON Mark at the time of the Carnation License Agreement, as the agreement was entered into after discovery had closed."). The Court declines to reconsider its decision. (Signed by Judge Paul A. Engelmayer on 1/30/2023) (rro) (Entered: 01/30/2023) |
| 02/03/2023 | 517 | NOTICE OF DOCKETING & USCA Case Number 23-1450 from the U.S. Court of Appeals, Federal Circ. assigned to 509 Notice of Appeal to the Federal Circuit filed by Marquis Mills, International, Inc., 5Lj Amended Notice of Appeal, filed by Marquis Mills, International, Inc...(nd) Modified on 2/3/2023 (nd). (Entered: 02/03/2023) |
| 02/03/2023 | 518 | NOTICE OF DOCKETING & USCA Case Number 23-1446 from the U.S. Court of Appeals, Federal Circ. assigned to 510 Amended Notice of Appeal, filed by Kartri Sales Company, Inc., 508 Notice of Appeal to the Federal Circuit filed by Kartri Sales Company, Inc...(nd) (Entered: 02/03/2023) |
| 02/03/2023 | | Appeal Fee Payment: for 509 Notice of Appeal to the Federal Circuit. Filing fee $505.00, receipt number ANYSDC-27294501..(Cox, Donald) (Entered: 02/03/2023) |
| 02/06/2023 | 519 | LETTER addressed to Judge Paul A. Engelmayer from Morris E. Cohen dated February 6, 2023 re: Plaintiffs' Letter re Kartri's Violation of the Court-Ordered Injunction. Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, LLC, Sure Fit Home Decor Holdings Corp., Sure Fit Home Products, FLC, Zahner Design Group, Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Cohen, Morris) (Entered: 02/06/2023) |
| 02/06/2023 | 520 | MEMO ENDORSEMENT on re: 519 Letter,, filed by Sure Fit Home Decor Holdings Corp.. SF Home Decor, LLC, Zahner Design Group, Ltd., Sure Fit Home Products, LLC, Hookless Systems of North America, Inc., Focus Products Group International, LLC. ENDORSEMENT: The Court has received counsel's above letter. Defendant's |

| | | response, if any, is due February 13, 2023. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 2/6/2023) (kv) (Entered: 02/06/2023) |
|---|---|---|
| 02/13/2023 | 521 | LETTER addressed to Judge Paul A. Engelmayer from Patrice P. Jean dated February 13, 2023 re: Response to Plaintiffs' February 6, 2023 Letter (Dkt. 519). Document fded by Kartri Sales Company, Inc...(Jean, Patrice) (Entered: 02/13/2023) |
| 02/13/2023 | 522 | LETTER addressed to Judge Paul A. Engelmayer from Morris E. Cohen dated February 13, 2023 re: Plaintiffs' Request for Leave to File a Short (2 Page) Reply to Kartri's Letter (Dkt. 521), to Document Kartri's False and Misleading Statements Therein. Document filed by Focus Products Group International, LLC, Hookless Systems of North America, Inc., SF Home Decor, LLC, Sure Fit Home Decor Holdings Corp., Sure Fit Home Products, LLC, Zahner Design Group, Ltd...(Cohen, Morris) (Entered: 02/13/2023) |
| 02/14/2023 | 523 | MEMO ENDORSEMENT on re: 522 Letter, filed by Sure Fit Home Decor Holdings Corp., SF Home Decor, LLC, Zahner Design Group, Ltd., Sure Fit Home Products, LLC, Hookless Systems of North America, Inc., Focus Products Group International, LLC. ENDORSEMENT: Granted. Plaintiffs' reply is due February 21, 2023, and may exceed two pages in length. SO ORDERED. ( Replies due by 2/21/2023.) (Signed by Judge Paul A. Engelmayer on 2/14/2023) (va) (Entered: 02/14/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/15/2023 15:55:20 | | |
| **PACER Login:** | GoldbergCohen | **Client Code:** | Focus v Kartri and Marquis |
| **Description:** | Docket Report | **Search Criteria:** | 1:15-cv-10154-PAE |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**EXHIBIT 2 - DISTRICT COURT OPINION AND ORDER OF DECEMBER 22, 2022, DKT. 501 (EXCERPTED)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,
ZAHNER DESIGN GROUP LTD., HOOKLESS SYSTEMS
OF NORTH AMERICA, INC., SURE FIT HOME
PRODUCTS, LLC, SURE FIT HOME DÉCOR HOLDINGS
CORP., and SF HOME DÉCOR, LLC,

15 Civ. 10154 (PAE)

Plaintiffs,

OPINION & ORDER

-v-

KARTRI SALES CO., INC., and MARQUIS MILLS
INTERNATIONAL, INC.,

Defendants.

PAUL A. ENGELMAYER, District Judge:

This decision sets out the Court's findings of fact and conclusions of law pursuant to

Federal Rule of Civil Procedure 52 following a six-day bench trial in this case.

Plaintiffs manufacture, sell, and distribute shower curtains with hookless rings that are

coplanar with the curtain. These products have obtained considerable acclaim and commercial

traction within the hospitality industry, insofar as they enable shower curtains to be put up more

quickly and easily than conventional shower curtains that attach by means of hooks. Plaintiffs

claim that defendants have manufactured, sold, and distributed confusingly similar shower

curtains, and thus have infringed plaintiffs' utility and design patents, infringed plaintiffs'

trademarks and trade dress, and engaged in unfair competition under the Lanham Act and New

York law. Plaintiffs further claim that defendants' infringements were willful, warranting

enhanced damages. Defendants deny these claims and advance a host of affinnative defenses.

During lengthy pretrial litigation, the Court conducted a *Markman* hearing, resolved

many pretrial motions, and entered summary judgment for plaintiffs on their utility patent

*LLC* v. *Select Comfort Wholesale Corp.*, 909 F.3d 519, 530 (2d Cir. 2018) (*Octane Fitness* standard applies to identically worded 15 U.S.C. § 1117(a) provision). "The 'exceptional' standard 'demands a simple discretionary inquiry; it imposes no specific evidentiary burden.'" *Beijing Daddy's Choice Sci. & Tech. Co.* v. *Pinduoduo Inc.*, No. 18 Civ. 6504 (NRB), 2020 WL 729518, at *2 (S.D.N.Y. Feb. 13, 2020) (quoting *Octane Fitness*, 572 U.S. at 557). District courts are "given wide latitude" in the "case-by-case exercise of their discretion, considering the totality of the circumstances[.] . . . frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *4 Pillar Dynasty*, 933 F.3d at 215; *see also Blair* v. *Alstom Transport., Inc.*, No 16 Civ. 3391 (PAE), 2020 WL 4504842, at *1 (S.D.N.Y. Aug. 5, 2020). And while "fraud, bad faith, or willful infringement are no longer required for a fee award," they remain "highly relevant" post-*Octane*. *Hello I Am Elliot, Inc.* v. *Sine*, No. 19 Civ. 6905 (PAE), 2021 WL 1191971, at *3 (S.D.N.Y. Mar. 30, 2021) (internal quotation marks and citations omitted). Thus, "courts continue to hold claims of baselessness to a high bar, [and] most post-*Octane* cases awarding fees continue to involve substantial litigation misconduct." *Id.* (internal quotation marks and citations omitted).

Neither party has briefed attorney's fees, properly treating it as reserved for after trial. *See* PF at 6; Elmore Rep. ¶ 230; Rogers Rep. ¶ 35. The Court orders plaintiffs, within four weeks of the date of this opinion and order, to file an opening brief as to such fees, with supporting documentation and calculations. Defendants' opposing brief is due four weeks later. Plaintiffs' reply is due two weeks after that.

### 10.     Prejudgment and Postjudgment Interest

In a patent infringement case, "prejudgment interest should ordinarily be awarded," even though such an award is not "required] . . . whenever infringement is found." *Metso Mins., Inc.*

*v. Powerscreen Int'l Distrib. Ltd.*, 833 F. Supp. 2d 333, 343 (E.D.N.Y. 2011) (quoting

*Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655–57 (1983)). Although "there is no

mandatory interest rate and no standard rate for calculating an award of prejudgment interest,"

*TiVo, Inc. v. EchoStar Comm'ns Corp.*, No. 04 Civ. 1, 2006 WL 6830818, at *5 (E.D. Tex. Aug.

17, 2006), "[t]he Federal Circuit has given district courts great discretion when determining the

applicable interest rate for an award of prejudgment interest," *Metso Mins., Inc.*, 833 F. Supp. 2d

at 343 (citations omitted). "[M]ost often courts will award either the prime rate or the U.S.

Treasury rate." *Id.* (citation omitted). By contrast, the Lanham Act "does not provide for

prejudgment interest." *Merck Eprova*, 760 F.3d at 263 (citation omitted). But "such an award is

within the discretion of the trial court and is normally reserved for 'exceptional' cases." *Id.* at

263–64 (citation omitted).

Post-judgment interest is available in Lanham Act actions and Patent Act actions

pursuant to 28 U.S.C. § 1961(a). *See WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893 (WHP),

2019 WL 1316106, at *4 (S.D.N.Y. Mar. 22, 2019) (Lanham Act); *Rentrop v. Spectranetics

Corp.*, 514 F. Supp. 2d 497, 507 (S.D.N.Y. 2007) (Patent Act), *aff'd*, 550 F.3d 1112 (Fed. Cir.

2008). Consistent with § 1961(a), the rate of post-judgment interest is the weekly average one-

year constant maturity Treasury yield for the week preceding entry of judgment. Post-judgment

interest is compounded annually. 28 U.S.C. § 1961(b).

The Court orders the parties to address, in their briefs as to attorneys' fees, the issues of

pre- and post-judgment interest.

> **F.     Injunctive Relief as to Both Defendants' Infringement of and Unfair
> Competition with the EZ-ON Mark and Trade Dress, and Kartri's
> Infringement of and Unfair Competition with the HOOKLESS® Mark**

The Lanham Act "authorizes the Court to 'grant injunctions, according to the principles

of equity and upon such terms as the court may deem reasonable, to prevent the violation of any